FILED
January 27, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____CM_____
                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MIGUEL ANGEL VILLA SOLIS, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> ROSE THOMPSON, Karnes County § <br> Immigration Processing Center Facility § <br> Warden, *et al.*, § <br> § <br> Respondents. § | NO. SA-26-CV-00213-OLG |

# ORDER

Before the Court is Petitioner Miguel Angel Villa Solis's Emergency Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief (Dkt. No. 1), which is hereby **DISMISSED WITHOUT PREJUDICE** for the following reasons.

Petitioner is a citizen of Mexico who entered the United States in 2015; ICE took him into custody on October 31, 2025, and an immigration judge (IJ) denied his request for release on bond on November 13, 2025, following a hearing. (Dkt. No. 1 at 1, 8 (citing "high flight risk" as basis for bond denial); Dkt. No. 1-2 at 1.) He filed his Petition on January 16, 2026, presenting three due-process-based challenges to the IJ's adverse bond determination. (*See id.* at 3–4.)

Though couched in due process terms, Petitioner's claims are ultimately challenges to the IJ's "discretionary judgment" regarding his detention, which the Court does not have jurisdiction to review. 8 U.S.C. § 1226(e) (providing that "discretionary judgment regarding [detention or release on bond] shall not be subject to review"); *see Nielsen v. Preap*, 586 U.S. 392, 401 (2019) (explaining that § 1226(e)'s "limitation applies only to 'discretionary' decisions about the 'application' of § 1226 to particular cases"); *Kambo v. Poppell*, No. SA-07-CV-800-XR, 2007 WL 3051601, at *10 (W.D. Tex. Oct. 18, 2007) (finding no "jurisdiction to review the decision to deny

release on bond itself or the Attorney General's discretionary judgment regarding the application of 1226(a), including the manner in which that discretionary judgment is exercised, and whether the procedural apparatus supplied satisfies regulatory, statutory, and constitutional constraints. (citation modified)).[1] Because the Court lacks the authority to review the IJ's discretionary bond determination, this case must be dismissed for lack of jurisdiction. *See* 8 U.S.C. § 1226(e); *Shcherbinin v. Rice*, No. 1:25-CV-01496, 2025 WL 3687739, at *2 (W.D. La. Dec. 9, 2025) ("[T]he Court lacks authority to review the discretionary findings of the [IJ]."), *report and recommendation adopted*, No. CV 1:25-1496, 2025 WL 3698403 (W.D. La. Dec. 19, 2025) (dismissing habeas petition without prejudice).

This case is **CLOSED**.

It is so **ORDERED**.

**SIGNED** on January __27__, 2026.

ORLANDO L. GARCIA
United States District Judge

---

[1] The Court notes that, to the extent Petitioner is attempting to challenge his "prolonged" detention under § 1226(a) on substantive-due-process grounds (*see* Dkt. No. 1 at 1), this claim would fail. Although there are constitutional limitations on the permissible length of detention for aliens who have already been ordered removed, that is because "post-removal-period detention, *unlike detention pending a determination of removability*, has no obvious termination point." *Demore v. Kim*, 538 U.S. 510, 529 (2003) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 697 (2001)). "Detention during removal proceedings," however, "is a constitutionally permissible part of that process." *Demore*, 538 U.S. at 530. As such, any duration-based claim is unavailable here because Petitioner's detention has "a definite termination point: the conclusion of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 304 (2018); *See Maramba v. Mukasey*, No. 3:08-CV-0351-K, 2008 WL 1971378, at *4 (N.D. Tex. Apr. 28, 2008) (finding "continued detention under § 1226(a)" did not "raise[] due process concerns" because it "ha[d] a definite termination point and, thus, [was] neither 'indefinite' nor 'potentially permanent.'") (quoting *Zadvydas*, 533 U.S. at 527–28).